[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant Century Trucking Ltd. appeals from the trial court's entry striking its notice of appeal from an arbitration award and entering judgment against Century on its claims against defendant-appellee Worldwide Equipment Enterprises, Inc.
 {¶ 3} Century's complaint raised claims of breach of contract and breach of warranty against Worldwide. The trial court referred the matter to arbitration. The arbitration panel returned a judgment in favor of Worldwide. The judgment was filed with the clerk of courts and entered on the docket on September 18, 2002. Century filed its notice of appeal from the arbitration award on October 21, 2002, 33 days after the award was entered. The trial court agreed with Worldwide that the notice of appeal was filed outside the 30-day time for appeal from an arbitration report and award, and it entered judgment for Worldwide. See Sup.R. 15(A)(2)(d); see, also, Loc.R. 24(S) of the Court of Common Pleas of Hamilton County, General Division.
 {¶ 4} In two interrelated assignments of error, Century now contends that the trial court erred in concluding that its appeal was untimely. Century claims that its notice of appeal was properly filed within a thirty-three day period calculated by adding the additional three-day period for filing after service by mail, identified in Civ.R. 6(E), to the thirty-day appeal-filing period. The assignments of error fail.
 {¶ 5} While Civ.R. 6(E) can extend the time in which a party is required to perform some act, the rule applies only when that time is triggered by "service of notice." Here, the time in which to file a notice of appeal in the common pleas court is triggered by "the entry of the award * * * on the docket," and not by the service of notice. Loc.R. 24(S). Moreover, Century's notice of appeal was incomplete when filed on the thirty-third day after the entry of the report and award. The notice was not accompanied "by an affidavit that the appeal [wa]s not being taken for delay." Sup. R. 15(A)(2)(d)(i); see, also, Loc.R. 24(T)(1).
 {¶ 6} Since Century did not file a timely notice of appeal from the report and award of the arbitration panel, the trial court could properly proceed to enter judgment against it.
 {¶ 7} Therefore, the judgment of the trial court is affirmed.
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.